IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH D. LOWMAN, MONTE J. CONRAD, JR., DEVONTE T. FRANKLIN, SR., CHRISTOPHER T. FARR, MAURICE FULLER, DEVIN HARRIS, JERMEL D. WARE, SR., DAX A. BALDRIDGE, FRED DUCK, DEMARKUS REID, and MONTEL HARKINS, | |
| Plaintiffs, | |
| v. | Case No. 23-cv-373-NJR |
| RICHARD WATSON, TAMMY GRIME, ST. CLAIR COUNTY JAIL, COLLINS, BROWN, MOORE, MESSY, WRIGHT, and BROWN, | |
| Defendants. | |

## MEMORANDUM AND ORDER

ROSENSTENGEL, Chief Judge:

Plaintiffs Joseph D. Lowman, Christopher Farr, Monte Conrad, Jr., Devonte Franklin, Sr., Maurice Fuller, Devin Harris, Jermel Ware, Sr., Dax Baldridge, Fred Duck, Demarkus Reid, and Montel Harkins, who—at the time they filed their Complaint—were all housed at the St. Clair County Jail, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983.

On February 8, 2023, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), advising the plaintiffs about the risks, obligations, and costs associated with group litigation (Doc. 5). Each plaintiff was given an opportunity to

withdraw from the case or to sever his claims into an individual action that would be subject to a filing fee in lieu of the filing fee charged in this action. Each plaintiff also was warned that failure to respond would result in his dismissal from the lawsuit (Doc. 5, p. 5). As of this date, Devin Harris and Fred Duck have failed to file a notice in writing indicating their desire to proceed as a plaintiff in this litigation. Thus, Harris and Duck are **DISMISSED without prejudice** as plaintiffs in this case.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

<u>The Complaint</u>

Plaintiffs allege that while housed at the St. Clair County Jail they have experienced various issues with the conditions and quality of care at the jail.

**Air Quality**

Starting on January 31, 2022, and continuing thereafter on a regular basis, officers Chambers, Brown, Moore, and Wright, whom the plaintiffs allege were under the supervision of Tammy Grime, ignored requests and grievances to fix a hole in the wall. During the summer, wasps were able to enter the facility, exposing inmates to possible allergic reactions. In winter, freezing air from the outside entered the cell block (*Id.* at p. 10). Despite verbal protests, defendants indicated that they did not care, and it was not

their problem to handle. Wright specifically stated that he would slap one of the plaintiffs if he continued to complain. The Complaint fails to indicate to which plaintiff Wright directed his comments.

**Exercise**

Plaintiffs also allege that while at the St. Clair County Jail, officers under the supervision of Tammy Grime failed to provide them with the proper amount of exercise and outside time (*Id*. at p. 10). Although it is not clear how much exercise each plaintiff has received, the Complaint suggests that five hours of recreation time has been provided in the last 12-month period (*Id*.).

**Food**

From January 31, 2022, until October 31, 2022, the plaintiffs experienced various issues with their food. Plaintiffs allege that kitchen staff, under the supervision of Tammy Grime, to include Mary and Floyd, served under-portioned and sometimes overcooked beans, eggs, and rice. Plaintiffs allege that on a number of occasions they were served rotting salad and raw bread dough (*Id*. at pp. 10-11). Some of the plaintiffs developed nausea, stomach pains, gas, and sickness (*Id*. at p. 11).

**Medical Claims**

On October 4, 2022, medical staff, under the supervision of Tammy Grime, ignored sick call passes from September 4, 2022 (*Id*. at p. 11). Some plaintiffs were also denied treatment for oral bleeding, cracked teeth, and pain (*Id*.).

**Safety and Security**

Plaintiffs also allege that maintenance staff, under the direct supervision of Tammy Grime, failed to repair broken toilets, faucets, and doors (*Id*. at p. 11). Plaintiffs were exposed to potential harm and diseases due to the failure to repair broken items throughout the jail.

**Tortious Environment**

On November 12, 2022, Officer Brown, under the direct supervision of Tammy Grime, purposely slammed gates in the jail during sleeping hours (*Id*. at p. 12). She continued with her conduct on other night shifts, which the plaintiffs believe was because she expected that they would file a lawsuit and in response to their protests. Plaintiffs allege that Brown created a "hostile environment" in the cell block.

**Further Submissions**

In addition to the formal Complaint, the Court directed each individual plaintiff to submit a notice that he wished to proceed as a plaintiff in the joint litigation. Some of the notices included additional information regarding the experiences of the individual plaintiffs. Montel Harkins submitted a notice indicating that the extreme temperatures aggravated his gunshot wound (Doc. 6). He also received under-portioned trays with overcooked meat, little recreation time, and poor air quality that affected his nasal issues and caused him sore throats. He was also unable to obtain medical care for his gunshot wounds and broken left arm (Doc. 6).

Dax Baldridge filed a notice indicating that cold drafts through the walls aggravated a previous spinal fusion (Doc. 7). He also received beans for every meal which

caused him bloating (*Id.*). He requested an additional bed mat for his medical condition but did not receive a prompt response (*Id.*). The air quality aggravated his sinuses and allergies, and he lacked recreational time to stretch his back.

Monte J. Conrad noted in his response that the extreme temperatures caused his "feet to go dead" due to a bullet wound in his foot (Doc. 10). He had to eat cold beans four times a week which caused him to use the bathroom more than usual. The air quality caused his nose to bleed and made sleeping difficult. He only received five hours of recreation over five months because individuals were sleeping in the gym.

Demarkus Reid noted in his response that the jail was unsafe due to gates not being able to lock (Doc. 11). Reid also received limited recreation due to the jail housing inmates in the gym. He also received under-portioned meals, which were often cold or undercooked. He suffered from a broken tooth, but he was not put on the list for a dental visit (*Id.*).

Jermel D. Ware experienced undercooked and under-portioned meals. He noted that the trays often had dishwater still on them. He indicated that the cellblock was cold, and the limited ventilation irritated his sinuses (Doc. 12). He documented only five or six visits to the gym during the six months he had been housed at the jail. He also experienced maintenance issues, noting the dayroom toilet did not flush properly.

Devonte T. Franklin Sr. noted dust-clogged vents which irritated his sinuses and cold air in the cellblock (Doc. 13). Franklin alleged that the meal trays did not meet a 2,000-calorie diet, and his bread was often wet. He noted only five hours of recreation

time due to individuals being housed in the gym. He also alleged that his toilet was broken and that the tables used for mealtime had peeling paint and rust (*Id.*).

Christopher T. Farr alleged that he was denied medical care, noting he placed numerous sick call requests with no response (Doc. 16). He received only five hours of recreation time over the course of six months. He also experienced under-portioned and overcooked meals. He experienced extreme temperatures causing his bones to ache and poor air quality which caused nasal issues and a sore throat.

## Discussion

Simply put, the plaintiffs fail to state a claim pursuant to Section 1915A. There are a number of issues with the Complaint. First, although the plaintiffs identify a number of individuals in their case caption, they fail to tie the majority of the defendants to the stated claims. Defendants Richard Watson, Collins, and Messy are only mentioned in the case caption; there are no allegations against them in the statement of claim. Thus, the plaintiffs fail to state a claim against these defendants.

Further, St. Clair County Jail is not a proper defendant. The jail is not a "person" amendable to suit under Section 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). Plaintiffs have not named St. Clair County, itself, as a defendant but have named Sheriff Richard Watson in his official capacity. But the plaintiffs can only proceed against the sheriff in his official capacity, or the county, if the government entity caused the deprivation of their constitutional rights. *See also Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (citing *Dunn v. City of Elgin*, 347 F.3d 641 (7th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978))). Such liability arises from (a) an express

6

policy calling for a constitutional violation; (b) a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a constitutional violation caused by a person acting with final policymaking authority for the body. *Monell*, 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Plaintiffs fail to identify any policy or practice at the jail that caused their constitutional violations.

Plaintiffs also identify Tammy Grime as a defendant, noting that various officers acted under her supervision. They allege Grime is liable for all of the conditions that they faced while at the St. Clair County Jail because she was the supervisor of the various officers that the plaintiffs complained to about conditions at the jail. But Grimes cannot be liable merely as a supervisor of other officers because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiffs also have not alleged that Grimes was aware of or failed to address the conditions at the jail.

Finally, the plaintiffs name a number of officers that they spoke to about the hole in the wall which allowed cold air into the cellblock, but they fail to provide any specifics as to which plaintiffs voiced their concern, when and to whom they voiced their concern, and the response of each officer. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (Complaint must state "enough facts to state a claim to relief that is plausible on its face."); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (Complaint must include "the who, what, when, where, and how…"). They further allege that Officer Brown closed gates loudly. But the annoyance, although perhaps unprofessional, does not appear to

amount to a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (verbal harassment does not constitute cruel and unusual punishment). Plaintiffs also have not properly alleged that Brown sought to retaliate against them by her actions. Thus, the Complaint fails to state a claim.

### Joinder of Plaintiffs

Further, the Court finds that joinder of these unrepresented plaintiffs is not appropriate. "[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Federal Rule of Civil Procedure 20(a)(1) allows plaintiffs to join together if they assert claims that arise "out of the same transaction, occurrence, or series of transactions or occurrences" and which have common questions of law or fact. The allegations in the Complaint are generic and vague, indicating that the plaintiffs take issue with a number of conditions at the jail. But their individual notices indicate that each plaintiff experienced some, but not all, of the conditions raised in the Complaint. Some of the plaintiffs experienced issues with the temperatures and food, but not medical care, while others experienced issues with medical care but not dental care. Some plaintiffs failed to note any issues with maintenance. Further, the Court finds that each plaintiffs' individual experiences as to medical care and their individual experiences in the jail would present differing questions of fact and law which make the claims improper for joinder.

In addition to Rule 20, the Seventh Circuit has recognized the district court's discretion to consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."

*Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quotations and citations omitted).

None of the plaintiffs in this case are lawyers, and none of them may represent any of the other plaintiffs. Because of this, each plaintiff must read and sign every filing. This requirement can prove difficult for incarcerated and/or detained individuals who may be housed in different locations, be transferred, or released during the course of the proceedings. When plaintiffs are no longer housed together, it may be impossible to obtain each other's signatures. The difficulty of obtaining every other plaintiff's signature has already been demonstrated through recent filings in this case. An exhibit submitted on behalf the plaintiffs on March 3, 2023, only documented ten of the eleven plaintiffs (Doc. 17). An affidavit submitted on behalf of the plaintiffs was signed by only five plaintiffs (Doc. 19). On May 16, 2023, Plaintiff Lowman submitted a motion requesting the status of his filings and seeking a preliminary injunction (Doc. 21). None of the other plaintiffs signed the motion, nor is there any indication that Lowman informed them of his filing. Thus, the other plaintiffs are presumably unaware of Lowman's requested relief. Further, one of the original plaintiffs, Devon Harris, has already been transferred or released from St. Clair County Jail (Doc. 20).

In addition to the issues with logistics in pursuing their claims as a group, these plaintiffs are in a county jail where they may by pre-trial detainees, convicted prisoners, or a mixture of both. The legal standards for those classes of inmates are different. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015); *Smith v. Dart*, 803 F.3d 304, 309 (7th

Cir. 2015) (Fourteenth Amendment for pre-trial detainees); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Eighth Amendment cruel and unusual punishment standard).

Thus, the Court concludes that joinder is not appropriate in this case. *See* FED. R. CIV. P. 20(a)-(b); FED. R. CIV. P. 21; *Chavez v. Ill. State Police*, 351 F.3d 612, 632 (7th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 21, a court may "add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Consistent with Rule 21, the Court shall enter an order in the disposition below that allows each remaining plaintiff to proceed in a separate action as follows:

(1) Joseph Lowman, who has been identified as the lead plaintiff in this case, shall proceed as the only plaintiff in this action going forward. He is **DIRECTED** to file an Amended Complaint and a Motion to Proceed IFP that focuses on his own claims.

(2) Chris Farr, Monte Conrad, Devonte Franklin, Maurice Fuller, Jermel Ware, Dax Baldridge, Demarkus Reid, and Montel Harkins shall be **DISMISSED** as plaintiffs in this case, and no filing fee shall be assessed against them for this action. To the extent they wish to proceed as to their own, individual claims, they may file separate lawsuits. They are reminded that they will be obligated to pay the filing fee or submit a motion to proceed *in forma pauperis* in their own case.[1]

## Pending Motions

Recently Lowman submitted a letter which the Court construed as a motion to confirm receipt of mailing and a motion for preliminary injunction (Doc. 21). As to his request for a confirmation of the receipt of affidavits and evidence, the Court has received

---

[1] The Court notes that it does not appear that the two-year statute of limitations in Section 1983 cases has run against any plaintiff, nor will any plaintiff be prejudiced by their dismissal from this action.

numerous filings from the plaintiffs. The Court also received a joint declaration with evidence (Doc. 19), but the Court does not retain physical evidence, such as wasps and other insects, for the parties. To the extent that Lowman has any physical evidence in his possession he should retain the evidence for his own records.

To the extent that Lowman seeks an "immediate injunction," his motion does not specify what relief he seeks, and he has not demonstrated that he is entitled to any preliminary relief. Thus, his motion (Doc. 21) is **DENIED**.

### Disposition

For the reasons stated above, Plaintiffs Devin Harris and Fred Duck are **DISMISSED without prejudice** for failure to comply with the Court's Orders under Federal Rule of Civil Procedure 41(b). Plaintiffs Chris Farr, Monte Conrad, Devonte Franklin, Maurice Fuller, Jermel Ware, Dax Baldridge, Demarkus Reid, and Montel Harkins are also **DISMISSED without prejudice**. No filing fee shall be assessed against these plaintiffs, and the dismissal shall not constitute as a strike under 28 U.S.C. § 1915(g). To the extent they wish to proceed as to their own, individual claims, they may file separate lawsuits. The Clerk of Court is **DIRECTED** to send each individual a Section 1983 Complaint form. Each plaintiff must pay the filing fee for his own cases or submit a motion to proceed *in forma pauperis*.

Only Joseph D. Lowman shall proceed as a plaintiff in this case. The Clerk of Court is **DIRECTED** to change the caption of the case to reflect the remaining parties. Lowman's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. His motion for leave to proceed *in forma pauperis*

11

(Doc. 2) is **DENIED as moot** because it fails to focus solely on Lowman's financial position. To the extent Lowman seeks to proceed as a pauper, he would need to submit a new motion with his amended pleading.

Lowman is **GRANTED** leave to file a "First Amended Complaint" on or before **July 6, 2023.** Should Lowman fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lowman's three allotted "strikes" under 28 U.S.C. § 1915(g).

Lowman is also reminded that he must focus his Amended Complaint on related claims against a single group of defendants. Continuing to pursue numerous, unrelated claims against various individuals could result in the severance of the unrelated claims into several different lawsuits; that action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Lowman must re-file any exhibits he wishes the Court to

12

consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lowman is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Lowman elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lowman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  June 8, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**